August Koehler, Respondent, *v.* Olga L. Koehler, Appellant.

First Department, July 14, 1922.

**Contracts — action to recover on alleged contract whereby defendant agreed to pay plaintiff stated sum during her life — contract too indefinite to be enforced — complaint did not state cause of action.**

In an action by a husband against his wife to recover on an alleged contract, it was alleged in the complaint that the plaintiff, who was engaged in business in New York city with the defendant's brother, withdrew from said business and

went to Chicago; that while in Chicago, seeking an opportunity to establish himself in business, the defendant and her brother prevailed upon him to return to New York and resume marital relations with the defendant and business relations with her brother on representations that, if he would so return, the brother would establish a trust fund of $200,000 from which both the plaintiff and the defendant would each be entitled to draw $10,000 each year; that he returned to New York and later ascertained that the trust fund was established for the benefit of the defendant alone; that thereafter the defendant agreed that she would withdraw from said trust fund the sum of $10,000 each year and pay the same to the plaintiff during her life, as income for his own use; that for a period of time thereafter plaintiff continued in marital relations with the defendant and business relations with his brother-in-law, and that the defendant made one payment of $10,000 but has refused for three years to pay the sum alleged to be due.

*Held,* that the agreement is too indefinite for enforcement and that if the contract could be construed to provide that the payments were to be made while the plaintiff maintained marital relations with his wife and business relations with his brother-in-law, the complaint does not state a cause of action, for there is no allegation of a compliance on the part of the plaintiff with the terms of the contract so as to entitle him to recover any part of the moneys claimed to be due.

APPEAL by the defendant, Olga L. Koehler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of December, 1921, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and a demurrer thereto.

The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action.

*Nathan Burkan,* for the appellant.

*J. Philip Van Kirk,* for the respondent.

SMITH, J.:

The plaintiff and defendant were husband and wife. The complaint alleges the marriage; that the plaintiff had been engaged in business with one Luchow, the brother of the defendant, his wife, who was the owner and proprietor of a restaurant on Fourteenth street in the borough of Manhattan; that in or about the month of August, 1917, the plaintiff had withdrawn from active participation in the aforesaid business and gone to Chicago, Ill., with the intention to start in business in the said city for himself. The complaint further alleges that while in Chicago and seeking an opportunity to establish himself in business, the defendant and her brother importuned the plaintiff to return to New York and resume marital relations with the defendant, and business relations with her brother, and that the defendant and her brother represented in such communications that if he would abandon his ideas of entering into business in Chicago and return to New York, the brother would

establish a trust fund in the amount of $200,000, from which the plaintiff and defendant would each be entitled to draw $10,000 a year; that in reliance upon the aforesaid representations, plaintiff abandoned his plans for entering into business in Chicago, and returned to the city of New York; that upon plaintiff's return and after he had made several demands on defendant for a copy of the trust agreement he ascertained that the trust was made in behalf of the defendant alone, by which she was given the right to draw $10,000 and accumulated interest annually. It is further alleged that thereafter in or about September, 1917, the defendant agreed with plaintiff that in view of the plaintiff's return to New York, in reliance upon the statements, representations, promises and agreement made by herself and her brother as to the establishment of said trust fund, and the failure of her brother to establish such trust fund, she would withdraw from said trust fund the sum of $10,000 a year and would pay said sum to the plaintiff during her life as income for his own use and benefit; *that for a period of time thereafter* plaintiff continued in marital relations with the defendant and business relations with his brother-in-law, relying upon the defendant's agreement alleged; that thereafter and in the early part of 1918, the defendant paid to the plaintiff, in accordance with said agreement, the sum of $10,000; and that there became due and owing from the defendant to the plaintiff, in pursuance of said agreement, in 1919, the sum of $10,000, no part of which has been paid, although duly demanded.

The second cause of action is pleaded substantially upon the same grounds as the first, and judgment is demanded for the sum of $10,000 for the year 1920. A third cause of action is also alleged, wherein the same allegations are restated, and a demand for judgment for $10,000 for the year 1921, and the final demand in the complaint is for the sum of $30,000 upon the three causes of action stated.

In the first place, this agreement is too indefinite for enforcement. It is not provided for what length of time the plaintiff shall resume the marital relations with his wife, or resume the business relations with the brother-in-law. It would be a violent interpretation of the contract to hold that a resumption of such marital relations, or such business relations, for a day or week or month would entitle him to the payment of $10,000 a year during the life of the defendant. Such a contract would be so unreasonable that the court would not under any circumstances so construe it. The allegations in the complaint show that the plaintiff had not concluded any negotiations to go into this business in Chicago, but simply that he was " seeking an opportunity " therefor. The only fair presumption, if such a contract were made, would be that

the $10,000 was to be paid while such relations with the wife and brother-in-law were continued, and there is no allegation that they were continued for any definite time or that they were continued during the years 1919, 1920 and 1921. The only allegation is that " for a period of time " such relations were resumed, both with the wife and the brother. Even if the contract could be construed that such payments were to be made while such relations continued, the plaintiff has not alleged a compliance on his part with the terms of such a contract so as to entitle him to recover any part of the moneys claimed to be due thereunder for the years 1919, 1920 and 1921.

For lack of definiteness, therefore, in the contract alleged, as well as for failure to allege a compliance with the contract under any reasonable construction that is possible, the complaint has failed to allege facts sufficient to constitute a cause of action.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the plaintiff to amend his complaint upon payment of costs of this appeal and the costs of the motion below.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to amend complaint on payment of said costs.